UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CRYSTAL MONTGOMERY,

                              Plaintiff,

-v-

NEW YORK PRESBYTERIAN HOSPITAL,

                              Defendant.

23 Civ. 9201 (PAE)

ORDER

---

PAUL A. ENGELMAYER, District Judge:

Crystal Montgomery, proceeding *pro se*, brings this action under Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §§ 2000e to 2000e-17. Dkt. 1. The complaint could also be construed as asserting claims under the New York State Human Rights Law, N.Y. Exec. Law §§ 290 to 297, and the New York City Human Rights Law, N.Y.C. Admin. Code §§ 8-101 to 131.

By order dated October 23, 2023, the Court granted Montgomery's request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees. Dkt. 4.

## DISCUSSION

Because Montgomery has been granted permission to proceed IFP, she is entitled to rely on the Court and the U.S. Marshals Service to effect service. *See, e.g., Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Montgomery to effect service on defendant New York Presbyterian Hospital through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form (USM-285 form) for defendant. The Clerk of Court is

further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon defendant. If the complaint is not served within 90 days after the date the summons is issued, Montgomery should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is a plaintiff's responsibility to request an extension of time for service). Montgomery must notify the Court in writing if her address changes, and the Court may dismiss the action if she fails to do so.

## CONCLUSION

The Clerk of Court is instructed to issue a summons for defendant New York Presbyterian Hospital, complete the USM-285 form with the address for this defendant, and deliver to the U.S. Marshals Service all documents necessary to effect service.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). This case remains under the able pretrial supervision of Judge Wang.

SO ORDERED.

*Paul A. Engelmayer*
PAUL A. ENGELMAYER
United States District Judge

Dated: October 23, 2023
　　　　New York, New York