UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CRYSTAL MONTGOMERY,

                                        Plaintiff,

                        -v-

NEW YORK PRESBYTERIAN HOSPITAL,

                                        Defendant.

---

23 Civ. 9201 (PAE) (OTW)

OPINION & ORDER

PAUL A. ENGELMAYER, District Judge:

Plaintiff Crystal Montgomery, *pro se*, filed this action against her former employer, defendant New York Presbyterian Hospital ("NYPH"). Dkt. 1 ("Complaint" or "Compl."). Montgomery brings a religious discrimination claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*

On January 12, 2024, NYPH moved to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6). Dkt. 17 (the "motion to dismiss"). On January 16, 2024, the Court referred NYPH's motion to dismiss to United States Magistrate Judge Ona T. Wang. Dkt. 21.

On August 13, 2024, Judge Wang issued a Report and Recommendation to this Court. *See* Dkt. 30 (the "Report"). The Report recommended that the Court grant NYPH's motion to dismiss. It stated that "[t]he parties shall have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure." *Id.* at 15. Thus, the deadline to file any objections was August 27, 2024.

On September 4, 2024, with no timely objections having been filed, the Court issued a decision in which it adopted the Report's recommendation in its entirety. Dkt. 31. On

September 12, 2024, however, the Court was notified by the District's office of *pro se* litigation that Montgomery, on September 3, 2024, had filed with that office a three-page document styled as a "Report and Recommendation." Dkt. 33 ("Montgomery Objection"). Montgomery appears to have formatted her submission to resemble a judicial opinion and (falsely) identifies herself as a "United States Magistrate Judge." *Id.* at 1. Her submission concludes with a "recommendation" to this Court that the motion to dismiss be denied. *Id.* at 3. On September 20, 2024, NYPH responded to the submission, "[o]ut of an abundance of caution." Dkt. 34 at 1.

Liberally construing Montgomery's submission as her objection to the Report, the Court has considered the entire record *de novo*. Having done so, the Court agrees with Judge Wang's Report and adopts its recommendation.

## I.    Discussion

After a magistrate judge has issued a Report and Recommendation, a district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). To accept the portions of a report to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." *Acevedo v. Lempke*, No. 10 Civ. 5285 (PAE) (HBP), 2014 WL 4651904, at *3 (S.D.N.Y. Sept. 17, 2014) (quoting *King v. Greiner*, No. 2 Civ. 5810, 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009)). A *pro se* plaintiff's objections "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (cleaned up). When a timely and specific objection has been made, the court is obligated to review the contested issues *de novo*. *See* Fed. R. Civ. P. 72(b)(3); *Triestman*, 470 F.3d at 474; *Hynes v. Squillace*, 143 F.3d 653, 656 (2d Cir. 1998).

Montgomery appears to object to the Report's recommendation that the motion to dismiss be granted. *See* Montgomery Objection at 3 ("I respectfully recommend that the defendant's motion not be granted" (capitalization altered)). Because Montgomery is proceeding *pro se*, the Court liberally construes her objection "to raise the strongest arguments [it] suggest[s]." *Publicola v. Lomenzo*, 54 F.4th 108, 111 (2d Cir. 2022) (quoting *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017)).

So construed, Montgomery's objection appears to simply regurgitate the Complaint's allegations that "her faith prohibits vaccines" and that she regards the COVID-19 and influenza vaccines as "bio-weapons." Montgomery Objection at 2. It neither mentions the Report nor disputes any of the Report's findings or conclusions. Courts in this Circuit have routinely held that "a party fails to properly object if she makes only conclusory or general objections, or simply reiterates her original arguments," and reviewed the underlying Report and Recommendation for clear error. *Ramgoolie v. Ramgoolie*, No. 22-1409, 2024 WL 4429420, at *2 (2d Cir. Oct. 7, 2024) (summarizing rule); *see also, e.g.*, *Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 120 (2d Cir. 2022) (noting district court's reliance on the "rule" that "when the party makes only conclusory or general objections, or simply reiterates his original arguments, the district court reviews the Report and Recommendation only for clear error" (quoting *Thomas v. Astrue*, 674 F. Supp. 2d 507, 511 (S.D.N.Y. 2009))); *Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (applying clear error standard to "merely perfunctory responses . . . argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition"); *Silva v. Peninsula Hotel*, 509 F. Supp. 2d 364, 366 (S.D.N.Y. 2007) (similar). Such is the case here. And there is no facial error in the Report's findings and conclusion.

Even were the Report reviewed *de novo*, Montgomery's objection is meritless for multiple independent reasons. First, the Complaint's allegations that Montgomery suffered an adverse physiological and psychological reaction to the COVID-19 vaccine and that she opposes vaccination are insufficient to sustain a claim of religious discrimination. *See* Compl. at 5, 8. That is so because, *inter alia*, the limited facts pled do not remotely support an inference that NYPH's denial of Montgomery's request for a blanket exemption from the New York State COVID-19 vaccine mandate was motivated by her religion. *See, e.g., Vega v. Hempstead Union Free Sch. Dist.*, 801 F. 3d 72, 86 (2d Cir. 2015) ("[T]o defeat a motion to dismiss or a motion for judgment on the pleadings in a Title VII discrimination case, a plaintiff must plausibly allege that (1) the employer took adverse action against him, and (2) his race, color, religion, sex, or national origin was a motivating factor in the employment decision."); *see also We the Patriots USA, Inc. v. Hochul*, 17 F.4th 266, 290 (2d Cir. 2021). Second, even had the Complaint adequately pled the elements of a religious discrimination claim under Title VII—and it did not—Montgomery's failure to exhaust is independently fatal to her claim. As the Second Circuit has explained, "[e]xhaustion of administrative remedies through the EEOC is 'an essential element'" of Title VII's statutory scheme. *Legnani v. Alitalia Linee Aeree Italiane, S.P.A.*, 274 F.3d 683, 686 (2d Cir. 2001) (quoting *Francis v. City of New York*, 235 F.3d 763, 768 (2d Cir. 2000)); *see* 42 U.S.C. § 2000e–5(e), (f). Consequently, it is "a precondition to filing a Title VII claim in federal court" that a plaintiff "first pursue available administrative remedies and file a timely complaint with the EEOC." *Hardaway v. Hartford Pub. Works Dep't*, 879 F.3d 486, 489 (2d Cir. 2018) (quoting *Deravin v. Kerik*, 335 F.3d 195, 200 (2d Cir. 2003)). "An employment discrimination claim must be filed with the EEOC within 300 days of the alleged discrimination in a state, like New York, with a fair employment agency." *Buon v. Spindler*, 65 F.4th 64, 77 (2d

Cir. 2023). Here, Montgomery did not file a timely administrative charge or plead circumstances warranting equitable tolling. *See* Report at 9 ("[S]he did not file a charge with the EEOC until July 5, 2023—700 days after the alleged misconduct and 400 days past the statutory deadline."); Dkt. 18 at 8 (NYPH's motion to dismiss raising exhaustion argument); *see also, e.g., Patterson v. County of Oneida*, 375 F.3d 206, 220 (2d Cir. 2004) ("[Title VII] 'precludes recovery for discrete acts of discrimination or retaliation that occur outside the statutory time period[.]'" (quoting *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002))); *Johnson v. Wendy's Corp.*, 2021 WL 243055, at *4 (S.D.N.Y. Jan. 25, 2021) ("[F]ailure to file a timely administrative charge acts as a bar to a federal action.").

Therefore, notwithstanding the conclusory and general character of Montgomery's objections, the Court has considered the record *de novo* and agrees with the Report's conclusion.

## CONCLUSION

Accordingly, the Court grants NYPH's motion to dismiss the Complaint, which is hereby dismissed with prejudice.

The Court respectfully directs the Clerk of the Court to mail a copy of this decision to Montgomery at the address on file, and to close all pending motions.

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: January 17, 2025
New York, New York